# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2021 CA 0565

C.M.J.

VERSUS

L.M.C.

Judgment Rendered: **MAY 2 4 2022**

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2011-13039, DIVISION "K"

HONORABLE MARY C. DEVEREAUX, JUDGE[1]

* * * * * * *

Richard Ducote
Victoria McIntyre
Covington, Louisiana

Attorneys for Defendant/Appellant
L.M.C.


Robert C. Lowe
Suzette Marie Smith
New Orleans, Louisiana

Attorneys for Plaintiff/Appellee
C.M.J.

* * * * * * *

**BEFORE: McDONALD, LANIER, AND WOLFE, JJ.**

---

[1] Judge Mary C. Devereaux presided over the case and signed the judgment. Judge Devereaux has since retired, and Judge Patrice W. Oppenheim is now the presiding judge in the case.

**McDONALD, J.**

This appeal stems from ongoing litigation in a custody dispute over three minor children. See **C.M.J. v. L.M.C.**, 2014-1119 (La. 10/15/14), 156 So.3d 16. The mother appeals a trial court judgment that, in part, assessed her with costs, attorney's fees, and sanctions pursuant to La. C.C.P. art. 863, and pursuant to La. R.S. 46:2136.1(A). After review, we vacate the judgment and remand the matter to the district court.

## FACTS AND PROCEDURAL HISTORY

The father in this case, C.M.J., filed a motion for sanctions against the mother, L.M.C., her attorney, Richard Ducote, and her prior attorney, Ellen Badeaux. The trial court granted the motion for sanctions against L.M.C. and Mr. Ducote, and denied the motion for sanctions against Ms. Badeaux. That judgment was signed on January 15, 2020. See **C.M.J. v. L.M.C.**, 2021-0431 (La. App. 1 Cir. _/_/_), __ WL __.

A separate judgment, in part, ordered L.M.C. to pay C.M.J.'s costs, attorney's fees, and sanctions pursuant to La. C.C.P. art. 863, and pursuant to La. R.S. 46:2136.1A.[2] That judgment was signed on December 31, 2020. L.M.C. has appealed that judgment.

## ASSIGNMENTS OF ERROR

L.M.C. makes the following assignments of error on appeal.

1. The trial court clearly erred as a matter of law, and manifestly abused its discretion, in ordering [her] to pay all court costs, fees, attorney's fees, costs of appeal, evaluation fees, and expert witness fees incurred by [C.M.J.] in defending any proceeding concerning domestic abuse assistance *"in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care for any of the children, necessitated by [L.M.C.]'s acts and/or omissions forming the basis for these proceedings because . . .,"* because: A) no petition was ever filed alleging that [L.M.C.] was a perpetrator of domestic abuse or violence;

---

[2] The judgment noted that it was "specifically reserving a determination . . . regarding Richard L. Ducote to occur at a later time."

B) there are no findings that [L.M.C.] was a perpetrator of domestic abuse or violence; C) the actual findings upon which the judgment was based are not "domestic abuse" within the definition of [La.] R.S. 46:2132(3); and D) there is no evidence in the record to support a finding of "domestic abuse" being perpetrated by [L.M.C.]

2. The trial court clearly erred as a matter of law, and manifestly abused its discretion in ordering [L.M.C.] to pay all of [C.M.J.'s] attorney's fees in the amount of $690,498.50, court fees in the amount of $21,981.71 along with any fees that accrue hereafter, and $27,000 for "overpayments in spousal support," with interest, all as sanctions purportedly pursuant to [La.] C.C.P. art. 863, because: A) the trial court violated [La.] C.C.P. art. 863(E) by refusing, under an erroneous *res judicata* analysis, to allow [L.M.C.] to present relevant evidence by way of her children's testimony in defense of the sanctions motion; B) the trial court violated [La.] C.C.P. art 863(E) by failing to conduct the hearing on the reasonableness of the attorney's fees and expenses; and C) the trial court violated [La.] C.C.P. art. 863 by ordering the wholesale shifting of all of [C.M.J.'s] attorney's fees, costs, and expenses to [L.M.C.]

## THE JUDGMENT

The trial court judgment provides in part:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that hereby [L.M.C.] be and the same is hereby Ordered to pay [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter; attorney's fees in the amount of $690,498.50, expert fees including the costs of Dr. Alicia Pellegrin ($25,600.00); the deposition of Catherine Austin ($500.00), Louis Eaton ($250.00), court reporters ($5,301.02); Dr. Thompson ($1,800), with interest as provided for by law. [L.M.C.] shall be responsible for and is hereby cast with any and all clerk of court fees incurred by her.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to [C.M.J.'s] *Motion for Sanctions* pursuant to La. C.C.P. art. 863, [L.M.C.] is hereby ordered to pay [C.M.J.] all of the reasonable expenses incurred because of the filing of the pleadings, including attorney fees in the amount of $690,498.50, costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, and for overpayments in spousal support following the July 20, 2012, Judgment of Divorce, in the amount of $27,000.00 with interest as provided for by law.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that . . . pursuant to [C.M.J.'s] Motion for Sanctions against [L.M.C.], pursuant to La. R.S. 46:2136.1(A), [L.M.C.] is hereby ordered to pay [C.M.J.] all court costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, attorney fees in the amount [of] $690,498.50, costs of enforcement and modification proceedings, costs of appeal, evaluation

3

fees, and expert witness fees incurred in defending any proceeding concerning domestic abuse assistance in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care for . . . any of the children, necessitated by [L.M.C.'s] acts and/or omissions forming the basis for these proceedings, all with interest as provided for by law.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any prior Judgments not specifically modified herein shall remain in full force and effect. [Emphasis added.]

## DISCUSSION

A valid judgment must be precise, definite, and certain. The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. **Advanced Leveling & Concrete Solutions v. The Lathan Company,** 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc).

The judgment assesses L.M.C. with "clerk of court fees in the amount of $21,981.71, along with any fees that may accrue thereafter[.]" This amount is imprecise, indefinite, and uncertain.[3] Pursuant to La. C.C.P. art. 863, the judgment assesses L.M.C. with "all of the reasonable expenses incurred because of the filing of the pleadings, including attorney fees in the amount of $690,498.50[.]" This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions,** 268 So.3d at 1046.

Additionally, the judgment assesses L.M.C. with costs "including all costs of medical and psychological care for . . . any of the children, necessitated by [L.M.C.'s] acts and/or omissions forming the basis for these proceedings[.]" The amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions,** 268 So.3d at 1046. Further, the judgment, "pursuant to . . . La.

---

[3] We note that $21,981.71 in court costs is assessed against L.M.C. three times in this judgment and that $21,981.71 in court costs is also assessed against L.M.C. in the judgment signed on January 15, 2020.

4

R.S. 46:2136.1(A)" assesses L.M.C. with "costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in defending any proceeding concerning domestic abuse assistance in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care for . . . . any of the children, necessitated by [L.M.C.'s] acts and/or omissions forming the basis for these proceedings[.]"[4] That amount is imprecise, indefinite, and uncertain. The specific amount of damages assessed against L.M.C. for medical and psychological care is not determinable from the judgment so that a third person is able to determine the amount owed without reference to other documents. See **Advanced Leveling & Concrete Solutions,** 268 So.3d at 1046.

A final judgment that does not contain appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with La. C.C.P. art. 1951 within the time set by the appellate court. La. C.C.P. art. 1918. On motion for the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language, or errors of calculation. A final judgment may not be amended under this

---

[4] Louisiana Revised Statutes 46:2136.1 provides that:

> A. All court costs, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in maintaining or defending any proceeding concerning domestic abuse assistance in accordance with the provisions of this Part shall be paid by the perpetrator of the domestic violence, including all costs of medical and psychological care for the abused adult, or for any of the children, necessitated by the domestic violence.
>
> B. However, if the court determines the petition was frivolous, the court may order the nonprevailing party to pay all court costs and reasonable attorney fees of the other party.

We note that the trial court could not assesses costs and fees against L.M.C. as a perpetrator of domestic violence pursuant to La. R.S. 46:2136.1(A) unless a petition alleging that she was the perpetrator of domestic violence was filed by C.M.J. However, La. R.S. 46:2136.1(B) provides that the court may order the nonprevailing party to pay all court costs and reasonable attorney fees of the other party. As L.M.C. filed a petition alleging that C.M.J. was a perpetrator of domestic violence, if the trial court found that the petition was frivolous, court costs and reasonable attorney fees of C.M.J. could be assessed against L.M.C. pursuant to La. R.S. 46:2131.1(B).

It appears that there was no hearing conducted to determine the amount of attorney fees attributable to the petition alleging domestic abuse filed by L.M.C.

5

Article to change its substance. La. C.C.P. art. 1951. An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. **Dean v. Dimattia**, 2021-0388 (La. App. 1 Cir. 10/4/21), 330 So. 3d 658, 661.

This judgment cannot be fixed simply by changing the decretal language or correcting errors of calculation. The judgment is duplicative, as it assesses L.M.C. with the same item multiple times. For example, attorney fees in the amount of $690,498.50 are assessed against L.M.C. pursuant to both La. C.C.P. art. 863 and La. R.S. 46:2136.1(A). Further, clerk of court fees of $21,981.71 are assessed against L.M.C. three times in the judgment, including pursuant to both La. C.C.P. art. 863 and La. R.S. 46:2136.1(A).

With these duplicate awards, the trial court failed to determine which sanctions were attributable to La. C.C.P. art. 863 and which sanctions were attributable to La. R.S. 46:2136.1(A). That necessary determination would be a substantive change to the judgment. See La. C.C.P. art. 1951.

Thus, we find that the judgment must be vacated, and the matter remanded to the district court.

## CONCLUSION

For the foregoing reasons, the appeal from the district court judgment dated December 31, 2020 is vacated, and the matter is remanded to the district court. Costs of this appeal are assessed against C.M.J.

**JUDGMENT VACATED, MATTER REMANDED.**

6